IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHRISTOPHER DIONNE,

    Plaintiff,

v.                                      Case No. 2:24-cv-02027-MSN-cgc

UNITED STATES NAVY,

    Defendant.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING REPORT AND RECOMMENDATION**

---

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 14 "Report"), entered on November 25, 2024. The Report recommends granting Defendant United States Navy's Motion to Dismiss in Lieu of Answer (ECF No. 9). Plaintiff filed timely Objections (ECF No. 15) on December 9, 2024, and Defendants filed a Reply (ECF No. 16) on December 18, 2024. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate's Report in its entirety.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

The Magistrate Judge recommends the dismissal of Plaintiff's claims based on subject matter jurisdiction, as Plaintiff's claim under 18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action. Plaintiff raises several objections, primarily arguing that: (1)

this case does not involve security or access to classified material; (2) the Defendant conducted illegal search and seizure operations against him; and (3) he was improperly targeted by Navy personnel.

The Court has conducted a *de novo* review of the Report to which objections were made and finds that none of Plaintiff's Objections have merit. First, whether or not this case involves security clearances is immaterial to the fundamental jurisdictional defect identified by the Magistrate Judge because 18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action. As correctly noted in the Report, a private citizen does not have the authority to initiate a federal criminal prosecution. *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001).

Plaintiff's remaining arguments regarding alleged illegal searches and targeting by Navy personnel, while concerning if true, do not overcome this jurisdictional barrier. The fundamental defect in Plaintiff's complaint is that he seeks to enforce a criminal statute, 18 U.S.C. § 1001, through a private cause of action. If Plaintiff wishes to pursue civil remedies for the alleged constitutional violations and other misconduct he describes, he must do so through appropriate civil causes of action, not through a criminal statute. When a plaintiff alleges violations of a federal criminal statute under which no private right of action exists, the statute cannot create subject-matter jurisdiction in federal court. *See Rodney Wilson v. Allstate Ins. Co.*, No. 17-4248, 2018 WL 6422853, at *2 (6th Cir. June 25, 2018).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Objections (ECF No. 15) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (ECF No. 14) is **ADOPTED** in its entirety.

Accordingly, Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**, this 30th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE